HERRICK, FEINSTEIN LLP
*Attorneys for W Financial Fund, LP*
Andrew C. Gold
Hanh V. Huynh
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
agold@herrick.com
hhuynh@herrick.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| 20 BAYARD VIEWS, LLC, | Case No. 09-50723 (ESS) |
| Debtor. | |

---------------------------------------------------------x

**OBJECTION OF W FINANCIAL FUND, LP TO
APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF
<u>PORZIO, BROMBERG & NEWMAN, P.C. AS COUNSEL FOR THE DEBTOR</u>**

W Financial Fund, LP ("WFF"), by its counsel Herrick, Feinstein LLP, submits this objection (the "Objection") to the application (the "Retention Application") [Docket No. 14] of 20 Bayard Views, LLC (the "Debtor") for an order authorizing the retention of Porzio, Bromberg & Newman, P.C. ("Porzio") as the Debtor's principal bankruptcy counsel, and respectfully represents as follows:

<u>BACKGROUND</u>

1. On December 4, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate and manage its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed.

2. Prior to the Petition Date, WFF loaned the Debtor the aggregate principal amount of $17,400,000 (the "Loan"), as memorialized in that certain Consolidated, Amended and Restated Note (the "Note"). In connection with the Loan, the Debtor and WFF entered into that certain Agreement of Consolidation, Extension and Modification of Mortgage (the "Mortgage," and together with the Note and other related documents, the "Loan Documents"). The Note is secured by, among other things, 37 unsold condominium units and 40 parking spaces located at the Bayard Condominium Complex, together with the related rents and leases.

3. In further consideration of the financial accommodations provided by WFF to the Debtor, Yitzchok Hager, Chaim Lax and Moshe Lax (each a "Guarantor" and collectively, the "Guarantors") executed a guaranty dated as of October 14, 2008 (the "Guaranty"), whereby the Guarantors unconditionally and irrevocably guaranteed payment of the first 50% of Debtor's indebtedness (along with interest and costs) under the Loan Documents. A copy of the Guaranty is attached hereto as Exhibit A.

4. On December 9, 2009, the Debtor filed the Retention Application, seeking authorization to retain Porzio as its bankruptcy counsel. In support of the Retention Application, John Mairo, a lawyer at Porzio, filed an Affidavit of Disinterestedness (the "Mairo Affidavit"). The Mairo Affidavit discloses that Porzio has represented, and continues to represent, Moshe Lax as well as the estate of Chaim Lax in those matters listed on Exhibit A to the Mairo Affidavit. Mairo Aff. ¶ 7.

## **OBJECTION**

5. By this Objection, WFF seeks denial of the Debtor's request for authorization to retain Porzio as its bankruptcy counsel. Porzio's prior and continued

representation of Moshe Lax and the estate of Chaim Lax, both of whom are Guarantors, creates a disqualifying conflict of interest.

6. The case of *In re Sixth Ave. Car Care Center* is instructive on this point:

> [W]hile representation of a creditor does not necessarily disqualify a counsel from representing the debtor-in-possession (11 U.S.C. § 327(c)) the opportunity for at least the appearance of impropriety is greatly multiplied when the attorney is also representing an individual and an interested corporate entity who are the guarantors for the debtor's primary secured debt . . . . Those parties, who are direct guarantors of that secured debt, may be motivated by very different desires and needs in this reorganization case since they, in effect, stand in the shoes of the secured creditor and it is difficult for the court to understand how an attorney could represent both the principal secured creditor and the debtor-in-possession in a Chapter 11 case.

*In re Sixth Ave. Car Care Center*, 81 B.R. 628, 631 (Bankr. D. Colo. 1988). *See also, In re Plaza Hotel Corp.*, 123 B.R. 466, 469 (9th Cir. B.A.P. 1990) (precluding attorney from representing debtor when attorney already representing guarantors); *In re Humble Place Joint Venture*, 936 F.2d 814 (5th Cir. 1991) ("This is in fact a classic case for disqualification of a debtor's counsel. Although the Code does not prevent counsel from representing a debtor solely because counsel may represent a creditor of the debtor, 11 U.S.C. § 327(c), here, the counsel's loyalty to reorganizing the debtor's estate would be tested at every turn by the very real, continuing interest of his client [a guarantor] in avoiding exposure on a guarantee."); *In re B.E.S. Concrete Prods., Inc.*, 93 B.R. 228, 234 (Bankr. E.D. Cal. 1988) (revoking appointment of special counsel because of firm's representation of guarantors on debtor's debt);

7. In this case, if WFF were to pursue its claim under the Guaranty against Moshe Lax and the estate of Chaim Lax, they as a Guarantors would stand in the shoes of WFF and Porzio would be in a position where it represented both creditors (i.e., the Gurantors) and the

Debtor.[1]  Under these circumstances, Porzio simply cannot be allowed to represent the Debtor and the Court should deny the Debtor's request.

For all the foregoing reasons, WFF respectfully requests that the Court deny the Retention Application and grant WFF such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 17, 2009

HERRICK, FEINSTEIN LLP
*Attorneys for W Financial Fund, LP*
*Proposed Attorneys for the Debtors and*
*Debtors in Possession*

By: ___/s/ Andrew C. Gold_____
    Andrew C. Gold
    Hanh V. Huynh
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
agold@herrick.com
hhuynh@herrick.com

---

[1] Courts in the Southern District of New York recognize the principle of subrogation. *See, e.g., In re Wingspread Corp.*, 145 B.R. 784, 787 n.5 (S.D.N.Y. 1992) ("As the Supreme Court long ago stated, 'Among the oldest . . . [equitable doctrines] is the rule of subrogation whereby one who has been compelled to pay a debt that ought to have been paid by another is entitled to exercise all remedies which the creditor possessed against that other.") (alterations in original).