PORZIO, BROMBERG & NEWMAN, P.C.
(Mail to) P.O. Box 1997, Morristown, NJ 07962-1997
(Delivery to) 100 Southgate Parkway, Morristown, NJ 07960
Telephone (973) 538-4006
John S. Mairo
jsmairo@pbnlaw.com

Proposed Attorneys for Debtor and Debtor-in-Possession

UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
In re:                                              :    Case No. 09-50723 (ESS)
                                                    :
    20 Bayard Views, LLC                         :    Hon. Elizabeth S. Stong
                                                    :
        Debtor.                                :    Chapter 11
-------------------------------------------------------- X

**SUPPLEMENTAL AFFIDAVIT OF DISCLOSURE AND DISINTERESTEDNESS**

STATE OF NEW JERSEY    )
                       ) ss.:
COUNTY OF MORRIS       )

    JOHN S. MAIRO, being duly sworn, deposes and states:

    1.    I am an attorney duly authorized to practice in of the States of New Jersey and New York and am admitted to practice before the United States District Court for the Eastern District of New York, the Southern District of New York and the District of New Jersey. I am a Principal in the law firm of Porzio Bromberg & Newman, P.C. ("**Porzio**"). I submit this Affidavit in connection with the Application by 20 Bayard Views, LLC (the "**Debtor**") for the retention of Porzio as its general bankruptcy counsel in these Chapter 11 proceedings.

    2.    In connection with the Debtor's loan from W Financial Fund, LP ("**WFF**"), a guaranty dated October 14, 2008 was executed for half of WFF's debt. The guarantors under

1333526

the Guaranty are: Yitschok Hager, Chaim Lax and Moshe Lax (each a "**Guarantor**", and collectively, the "**Guarantors**"). The owners of Debtor are: Isaac Hager, Jack Weingarten and LX Holdings, LLC (as assignee of the Chaim Lax interest).

3. Porzio has not represented any of the Guarantors in connection with the Guaranty. As will be discussed in further detail below, Porzio represents and has represented certain of the Guarantors in matters wholly unrelated to the Guaranty and the Debtor.

4. In footnote 1 of my Affidavit of Disinterestedness dated December 9, 2009 ("**Mairo Affidavit**"), it was disclosed that for a period of 13 days Porzio appeared for Moshe Lax, in his capacity as Executor of the Estate of Chaim Lax (the "**Estate Matter**") in probate court. The reason why Porzio had to fulfill this role was because Mr. Lax had wanted to replace the law firm (Meltzer Lippe) representing the estate. After discussions, it was agreed the law firm of Finkelstein & Virga would be engaged by the estate rather than Porzio, to serve as special counsel with Meltzer Lippe. Finkelstein & Virga substituted in December 2009 and Porzio substituted out on December 9, 2009. Thus, the entire "representation" lasted 13 days.

5. In addition to the Estate Matter, there are four litigation matters, which were listed on Exhibit A to the Mairo Affidavit, in which Porzio represented and continues to represent Moshe Lax and certain entities related to Moshe Lax. Below is a fuller description of those matters and Porzio's role:

> a. <u>US Bank National Bank v. Flatbush Extension LLC, Moshe Lax and Zlaty Schwartz as executors of the estate of Chaim Lax</u>, et al., Index No. 26434/09, Supreme Court of the State of New York, Kings Co. Porzio represents Flatbush Extension LLC, the mortgagor. In this action, filed September 29, 2009, plaintiff US Bank seeks to foreclose on the mortgage given to Plaintiff. The subject property is located at 85 Flatbush Avenue, Brooklyn, NY. The suit is based on failure to repay approximately $18MM due under loan agreements between Flatbush Extension LLC and Plaintiff dated March 27, 2007. We do not represent

the estate of Chaim Lax, which is joined as a guarantor of the underlying loan agreement. A different law firm represents the estate and filed an answer on the estate's behalf. We filed an answer and made discovery demands on Flatbush's behalf.

b.      New York Community Bank v. Nassau Condos LLC, the Estate of Chaim Lax, Moshe Lax, as executor of the estate of Chaim Lax, Zlaty Schwartz, as executor of the estate of Chaim Lax, Moshe Lax, Yitzchok Hager a/k/a Isaac Hager et al, Index. No. 17063/09, Supreme Court of the State of New York, Kings County. Plaintiff bank filed this action July 8, 2009 seeking to foreclose upon a mortgage encumbering 166/168 and 180/184 Nassau Street, Brooklyn, New York. The amount claimed due is in excess of $9MM. Porzio does not represent Nassau Condos LLC (mortgagor) or Isaac Hager (guarantor). Porzio represents the Estate of Chaim Lax and Moshe Lax based on additional, separate guarantees. We were retained by the estate's counsel, Meltzer Lippe, to handle this matter for the estate of Chaim Lax. We have filed a motion to dismiss the complaint against the estate and Moshe Lax. The motion to dismiss will likely be heard and argued at the end of January 2009. The bank has moved for summary judgment against Nassau Condos and Isaac Hager, which motion will likely be heard in conjunction with our dismissal motion.

c.      Alma N. Continanzi v. Madison Avenue Diamonds LLC and Moshe Lax, Index No. 602080/09, Supreme Court of the State of New York, New York County. Porzio represents Madison Avenue Diamonds LLC and Moshe Lax. Plaintiff Alma Continanzi has alleged that Madison Avenue Diamonds breached the parties' contract by not paying her severance and other post-termination benefits. Continanzi has also alleged an age discrimination claim against Madison Avenue Diamonds. Moshe Lax was a principal of Madison Avenue Diamonds at the time of the actions complained of and has been named as a defendant even though Continanzi does not allege that Moshe Lax personally guaranteed the plaintiff's employment contract, or that Mr. Lax is personally liable under the contract for any reason. On behalf of Madison Avenue Diamonds and Moshe Lax, Porzio has filed a motion to dismiss the complaint.

d.      Prince Breland, Annie Coleman and Maxime Diatta v. Geoffrey Zakarian, Country in New York, LLC, Adam Block, 3Sixty Hospitality, LLC, Mosha Lax, The Carlton Hotel on Madison Avenue and Carlton Hotel Management, LLC, U.S. District Court for the Southern District of New York, Civil Action No. 08-cv-6120. Porzio represents Moshe Lax in this matter. Mr. Lax is a passive investor in Country in New York, LLC during the relevant time period and played no role in managing the restaurant or making decisions with respect to the terms and conditions of Plaintiffs' employment. Plaintiffs initiated this action on July 3, 2008. Plaintiffs are current and former prep and line cooks employed by defendant Country in New York, LLC to work in its restaurant, Country in New

York. Plaintiffs allege in their Complaint that they were deprived of overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") (First Cause of Action) and Articles 6 and 19 of the New York State Labor Law (the "NYSLL") (Second Cause of Action); that they were not paid timely in violation of the FLSA (Third Cause of Action); and that unlawful deductions were made from their compensation in violation of Section 193 of the NYSLL (Fourth Cause of Action). Mr. Lax proceeded *pro se* in this matter after a law firm that had initially represented him and five other defendants withdrew in March 2009. Porzio entered an appearance on behalf of Mr. Lax on November 10, 2009. Porzio has filed a motion to dismiss the claims against Mr. Lax pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the ground that the allegations in the Complaint fail to allege facts from which a claim could plausibly be made that he is individually liable for any alleged violations of wage and hour laws. The motion is currently pending.

6. As was stated in the Mairo Affidavit, Porzio does not believe that these representations prohibit Porzio from being retained in the Debtor's Chapter 11 bankruptcy case. Porzio has never represented guarantor Isaac Hager or Chaim Lax (except as described in paragraph 4 and 5(b) above).

7. Porzio intends to continue its ongoing conflict search if and when additional creditors and parties-in-interest are known, in an expedient manner. If any new relevant facts or relationships are discovered or arise, Porzio shall file and serve a Supplemental Affidavit promptly.

/s/ John S. Mairo
John S. Mairo

Sworn to before me this
6th day of January, 2010
/s/Terri Jane Freedman
Terri Jane Freedman,
 Attorney at Law of the State of New Jersey

1333526