UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                    (Chapter 11)

20 BAYARD VIEWS, LLC,                                    Case No. 09-50723 (ESS)

                              Debtor.

------------------------------------------------------------x

**UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTOR'S
APPLICATIONS FOR ORDERS, PURSUANT TO
SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE,
<u>AUTHORIZING THE EMPLOYMENT AND RETENTION OF COUNSEL</u>**

Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee") respectfully submits this objection (the "Objection") to the application of 20 Bayard Views, LLC (the "Debtor") to retain Porzio, Bromberg & Newman, ("Porzio") as counsel to the Debtor under sections 327(a) and 328(a) of the Bankruptcy Code (the "Porzio Application"), and to the Debtor's application to retain Moritt Hock Hamroff & Horowitz LLP ("Moritt Hock") as local counsel to the Debtor under section 327(a) of the Bankruptcy Code (the "Moritt Hock Application"). In support of her Objection, the United States Trustee represents and alleges as follows:

**I. SUMMARY OF ARGUMENT**

The Court should deny the Porzio Application because Porzio has a disqualifying conflict of interest. Under 11 U.S.C. § 327(a), attorneys who hold or represent adverse interests cannot represent debtors. Porzio has a disqualifying conflict of interest in this case by virtue of its past and present representation of Moshe Lax and the Estate of Chaim Lax (collectively the "Lax Entities"), which guaranteed a substantial portion of the Debtor's indebtedness. Because of its dual representation of debtor and guarantors, Porzio represents an interest adverse to the estate. Porzio's loyalties would be divided and it would not be in a position to offer independent legal

1

advice to both the Debtor and the Lax Entities.

If the Court is inclined to approve Porzio's retention, the proposed order should be modified to exclude reference to 11 U.S.C. § 328(a). Porzio's fees must be subject to the reasonableness requirement mandated by section 330 of the Bankruptcy Code and parties in interest and the Court should not be limited to reviewing the applications under the improvident standard of section 328(a).

Finally, the Court should not grant both the Porzio Application, as bankruptcy counsel, and the Morrit Hock Application, as local counsel. There is no provision in the Local Rules of this Court for the appointment of local counsel, and the Debtor has not demonstrated good cause to retain more than one counsel in this single asset real estate case.

## II. FACTS

1. The Debtor commenced this case on December 4, 2009 by filing a voluntary petition for relief under chapter 11 the Bankruptcy Code. See ECF No. 1. The Debtor filed its schedules on December 18, 2009. See ECF No. 29.

2. No trustee, examiner has been appointed and the Debtor remains in control of its business as a debtor-in-possession.

3. As of the filing of this Objection, the United States Trustee has unable to appoint an official committee of unsecured creditors.

4. On December 10, 2009, the Debtor filed the Porzio Application seeking to retain Porzio as bankruptcy counsel to the Debtor. See ECF No. 14. Porzio is located in Morristown, New Jersey. Id.

5. The Porzio Application seeks retention pursuant to 11 U.S.C. §§ 327(a) and 328(a). Id. at ¶ 5.

6. In support of the Porzio Application, Porzio submitted the affidavit of John S.

Mairo, Esq. (the "Mairo Affidavit"). The Mairo Affidavit disclosed that Mr. Mairo is admitted to practice before the United States District Court for the Eastern District of New York. See Mairo Affidavit, ¶ 1.

7. The Mairo Affidavit also disclosed that Porzio, "has represented, and continues to represent Moshe Lax, and certain entities related to Moshe Lax . . ." and has recently represented the Estate of Chaim Lax. See Mairo Affidavit, ¶ 7. The scope of the past and present representation is outlined in the Porzio Application and does not include representation related to the guarantee of the Debtor's indebtedness. See Mairo Affidavit, Ex. A.

8. The Mairo Affidavit further disclosed that Moshe Lax is the son of Chaim Lax and the co-executor of the Estate of Chaim Lax and that, prior to his death in November 2008, Chaim Lax was a twenty-five percent member of the Debtor. Id.

9. Moshe Lax and Chaim Lax, and now the Estate of Chaim Lax, are guarantors who guaranteed the first fifty percent of the Debtor's indebtedness to W Financial Fund, LP ("WFF"). See ECF No. 26, Ex. A.

10. Also, on December 10, 2009, the Debtor filed an application seeking to retain and employ Moritt Hock as local counsel to the Debtor. See ECF No 16. Moritt Hock is located in Garden City, New York. Id. Moritt Hock proposes to assist Porzio, primarily with regard to "local form and procedure." Id. at ¶ 7. The scope of the proposed representation, however, is broad and includes many traditional chapter 11 debtor's counsel duties. Id.

11. On December 17, 2009, WFF, the Debtor's senior secured lender, filed an objection to the Debtor's application to retain Porzio citing Porzio's representation of the Lax Entities. See ECF No.26.

3

# III. ARGUMENT

A. **The Court Should Deny the Porzio Application Because Porzio Represents and Interest Adverse to the Estate and Is Not Disinterested.**

1. **Professionals Retained Under 11 U.S.C. § 327(a) Must be Disinterested and Not Hold Adverse Interests.**

While courts are generally cognizant of a party's right to choose their counsel, that right cannot, and does not, usurp the fundamental protections and policies of the Bankruptcy Code. Professionals seeking approval of their retention as bankruptcy counsel must meet the requirements of 11 U.S.C. § 327(a). See In re Granite Partners, L.P., 219 B.R. 22, 34 (Bankr. S.D.N.Y. 1998) (finding that the provisions section 327(a) are mandatory and cannot be waived by the debtor).

Section 327(a) of the Bankruptcy Code provides:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, . . . or other professional persons, that do not hold or represent an interest adverse to the estate and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Section 327(a) of the Bankruptcy Code provides a two-pronged test for the retention of professionals. First, the professional for the debtor must not hold or represent an interest adverse to the bankruptcy estate. See 11 U.S.C. § 327(a). Second, the professional must be a disinterested person. Id. Section 101 of the Code defines a "disinterested person" as one who "does not have an interest materially adverse to the interest of the estate . . . by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . or for any other reason." 11 U.S.C. § 101(14)(E).

The term adverse interest is not defined in the Bankruptcy Code. However, the Second Circuit has defined the term as:

> (1) To possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or
>
> (2) To possess a predisposition under circumstances that render such a bias against the estate.

In re Worldcom, 311 B.R. 151, 163 (quoting Bank Brussels Lambert v. Coan (In re AroChem Corp.), 176 F.3d 610, 623 (2d Cir.1999). The determination of whether there is an adverse interest is determined by the court on a case by case basis. Id.

"The 'materially adverse' standard incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap . . . and form a single test to judge conflicts of interest." Granite Partners, 219 B.R. at 33 (citing In re BH & P, Inc., 949 F.2d 1300, 1314 (3d Cir. 1991)); In re Martin, 817 F.2d 175, 179 n.4 (1st Cir.1987); In re Leslie Fay Cos., 175 B.R. 525, 532 (Bankr. S.D.N.Y. 1994); In re CF Holding Corp., 164 B.R. 799, 806 (Bankr. D. Conn. 1994); In re Tinley Plaza Assocs., 142 B.R. 272, 277 (Bankr. N. D. Ill. 1992)). The disinterestedness provision of Section 327(a) is mandatory. Granite Partners, 219 B.R. at 34. See also In re Harold & Williams Development Co., 977 F.2d at 910 (the disinterestedness requirement of Section 327(a) is a "congressionally established" per se rule).

A professional has a disabling conflict if it has "either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors – an incentive sufficient to place those parties at more than acceptable risk - or the reasonable perception of one." Granite Partners, 219 B.R. at 34 (citing In re Martin, 817 F.2d 175, 180 (1st Cir. 1987)); see also In re Angelika Films 57th, Inc., 227 B.R. 29, 39 (Bankr. S.D.N.Y. 1998) ("What is clear is that undivided loyalty is central to disinterestedness.").

### 2. Porzio's Past and Current Representation of Moshe Lax and the Estate of Chaim Lax Creates an Adverse Interest.

Courts have found inherent conflicts of interest where an attorney seeks to simultaneously represent a corporate debtor and a principal who guaranteed a portion of the

Debtor's indebtedness. See, e.g., In re Star Broadcasting, Inc. 81 B.R. 835 (Bankr. D.N.J. 1988) (finding that actual conflict of interest barred attorneys from representing both a corporate debtor and its principal); In re Hoffman, 53 B.R. 564 (Bankr. D. Ark. 1985) (court did not permit law firm to represent corporate debtor and two shareholders); see also In re Ginco, Inc., 105 B.R. 620 (D. Colo. 1988) (denying retention of law firm where attorneys represented principal of debtor in litigation at the time the bankruptcy case was commenced and where principal might be subject to claims of corporate mismanagement); Roger J. Au & Son, Inc. v. Aetna Ins. Co., 64 B.R. 600 (N. D. Ohio 1986) (affirming disqualification of law firm that represented the debtor's sole-shareholder and principal).

By virtue of their guarantees, the Lax Entities stand to benefit or suffer harm from decisions made with respect to the Debtor's plan of reorganization. For this reason, it is vital that the Debtor and the Lax Entities have separate counsel.

Porzio cannot possibly represent both the Lax Entities and the Debtor as it would likely need to give conflicting advice regarding the treatment of the WFF indebtedness in a plan of reorganization. In investigating potential strategies and actions in the Debtor's case, counsel to the Debtor cannot be concerned with the effect on the Lax Entities as guarantors. Porzio would not be able to offer independent legal advice to the Debtor when the interests of Porzio's other clients, the Lax Entities, are not parallel to the Debtor's interests.

### 3. Even if The Court Finds No Actual Conflict of Interest, There is a Potential Conflict Sufficient to Deny Retention

Even if this Court were to find that no actual conflict of interest exist, bankruptcy and district courts in the Second Circuit have not required that an actual conflict of interest exist to render counsel ineligible to represent a debtor. See In re Leslie Fay Companies, Inc., 175 B.R. 525 (Bankr. S.D.N.Y. 1994); see also TWI International, Inc. v. Vanguard Oial and Service Company, 162 B.R. 672, 675 (Bankr. S.D.N.Y. 1994); Matter of Codesco, Inc., 18 B.R. 997,

1000-01 (Bankr. S.D.N.Y. 1982). The appearance of impropriety or an appearance of a potential conflict can, under the appropriate circumstances, be grounds for disqualification of a professional. See, e.g., In re Braten, 73 B.R. 896, 899 (Bankr. S.D.N.Y. 1987) (citing Sapienza v. New York News, Inc., 481 F. Supp. 676 (S.D.N.Y. 1979); Matter of Proof of the Pudding, Inc., 3 B.R. 645, 648 (Bankr. S.D.N.Y. 1980) ("The conduct of bankruptcy proceedings not only should be right but must seem right.").

For example, in Leslie Fay, the Court stated that:

> [p]otential conflicts, no less than actual ones, can provide motives for attorneys to act in ways contrary to the best interests of their clients. Rather than worry about the potential/actual dichotomy it is more productive to ask whether a professional has 'either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors -- an incentive sufficient to place those parties at more than acceptable risk -- or the reasonable perception of one.' In re Martin, 817 F.2d at 180-81. In other words, if it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that representation, then they have a conflict and an adverse interest to the estate.

Leslie Fay, 175 B.R. at 532-33. In TWI, the district court noted that, given the parameters of sections 327(a) and 101(14),

> "[d]isqualification should be mandated when an actual, as opposed to hypothetical or theoretical, conflict is present. This in no way precludes disqualification for a potential conflict. The test is merely one of a potential actual conflict." In re Wm. J. O'Connor, 52 B.R. 892, 897 (Bankr. W.D. Okl. 1985).

162 B.R. at 675. Thus, firms which have connections that "impair the firm's ability to act with impartiality, even unconscious impartiality" should be prohibited from representing those conflicting interests. In re Envirodyne Industries, 150 B.R. 1008, 1019 (Bankr. N.D. Ill. 1993). The definition of an adverse interest is sufficiently broad to include any professional with an interest or relationship that would even faintly color the independence and impartial attitude

7

required by the Code.  Angelika Films, 227 B.R. at 37-38, citing Kravit, Gass & Weber v. Michel (In re Civello), 134 F.3d 831, 835 (7th Cir. 1998).

Here, it is entirely plausible that Porzio's dual representation of the Debtor and the Lax Entites would place the Debtor at an unacceptable risk.  See Leslie Fay, 175 B.R. at 53 (Bankruptcy court has broad discretion in disqualification cases).  At the very least, the dual representation gives rise to an appearance of impropriety.  See Braten, 73 B.R. at 899.  Counsel to the Debtor will be called upon to render independent advice regarding the impact of the Debtor's plan of reorganization on those who have guaranteed the Debtor's indebtedness, an impossible task for counsel who represents and has represented the Lax Entities in numerous matters.  As a result, Porzio has a conflict and an interest adverse to the estate and cannot represent both the Debtor and the Lax Entities.  Creditors, including WFF and the Debtor's unsecured creditors, must be confident that any plan of reorganization in the Debtor's case is in the best interests of creditors and the estate and not simply in the Lax Entities', as guarantors, best interests.  Separate, independent counsel will provide that level of confidence.

**B.     The Application Improperly Seeks Retention of Porzio Pursuant to 11 U.S.C. § 328(a).**

Section 328(a) of the Bankruptcy Code provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.  Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

Under § 328(a), the Court "may not award a fee different from one that it has approved in a retention order unless it finds that the terms in the retention order were 'improvident in light of developments not capable of being anticipated at the time.'" Riker, Danzig et al. v. Official Committee (In re Smart World Techs., LLC), 383 B.R. 869, 877 (S.D.N.Y. 2008); Houlihan Lokey v. High River Ltd. P'ship, 369 B.R. 111, 117 n.8 (S.D.N.Y. 2007) (affirming reduction of $18 million transaction fee sought by Houlihan to $4.0 million under Section 328 as improvident); 11 U.S.C. § 328(a). Thus, in approving a fee arrangement under section 328(a), "a court may not revisit the reasonableness" of the arrangement when approval of the fees eventually is sought. In re XO Comm'ns, Inc., 323 B.R. 330, 339 (Bankr. S.D.N.Y. 2005). A Bankruptcy Court is not required to approve the retention of a party under section 328 merely because the application seeks retention under that section. See In re Circle K Corp., 279 F.3d 669, n,2 (9th Cir. 2002). Debtors generally seek approval of retention under section 328(a) for investment bankers, personal injury counsel, and other professionals who normally do not bill clients by the hour as bankruptcy counsel does.

If the Court is inclined to approve the Porzio Application, the references to Section 318(a) in the proposed order should be stricken. Porzio should be retained only under Section 327(a). It fees should be subject to the reasonable requirement mandated by section 330 of the Bankruptcy Code and parties in interest and the Court should not be limited to reviewing the applications under the improvident standard of section 328(a).

### C. The Retention of Both Porzio and Moritt Hock is Unnecessary and Will Result in Duplication of Services.

The Court should not grant both the Porzio Application and the Morrit Hock Application because the Debtor has not demonstrated good cause to retain more than one counsel. See In re

9

The Bible Speaks, 67 B.R. 426, 427 (Bankr. D. Mass. 1986) (good cause must be established to employ more than one attorney). Approval of both the Porzio Application and the Moritt Hock Application will inevitably result in duplication of services and ensuing fee application litigation.

Morrit Hock seeks approval of its retention as local counsel, which is a practice required by certain courts. See, e.g. D. Del. LR 83.5 (d) ("Unless otherwise ordered, an attorney not admitted to practice by the Supreme Court of the State of Delaware may not be admitted pro hac vice in this Court unless associated with an attorney who is a member of the Bar of this Court and who maintains an office in the District of Delaware for the regular transaction of business ("Delaware counsel")"). In this Court, however, the local rules do not require or provide for the appointment of local counsel.

Moreover, despite framing their relationship as bankruptcy counsel and local counsel, Porzio and Morrit Hock, for all practical purposes, seek retention as co-counsel. Porzio is located in Morristown, New Jersey, approximately forty-seven miles from Brooklyn, and Moritt Hock is located in Garden City, New York, approximately twenty-three miles from Brooklyn. The applicants have not demonstrated that the proposed arrangement is necessary or beneficial to estate when both are located within fifty miles of the Court. Whether viewed as co-counsel, or as counsel and local counsel, there is no persuasive "geographical factor" weighing in favor of retaining both Porzio and Moritt Hock. Id. at 427 (Finding geographical factor unpersuasive where proposed co-counsels' offices were located fifty miles apart).

In addition, both John Mairo and Leslie Berkoff, lead attorneys for Porzio and Moritt Hock, respectively, are admitted to practice before the United States District Court for the

Eastern District of New York.[1] See Mairo Affidavit, ¶ 1. As attorneys admitted in the Eastern District, each is presumed to possess the knowledge and information necessary to adequately represent a client before the Court. See E.D.N.Y. LR 1.3 (a) (Requiring admitted attorneys to read and be familiar with local rules). Further, both Porzio and Moritt Hock are sophisticated and experienced firms and neither firm should require assistance of counsel from another firm to adequately represent the Debtor in this single-asset real estate case. See Bible Speaks, 67 B.R. at 427 (Court considered the fact that both counsel belong to law firms where consultation would be readily available in denying application to retain co-counsel).

Although Porzio and Moritt Hock may intend to divide the duties of conducting the Debtor's case, this division does not establish a basis to employ more than one attorney. See id. at 427 ("a division of duties between counsel, each of whom is capable of performing all of the duties, cannot constitute cause for the employment of both when neither is being hired because of his particular skill to perform the duties so allocated."). This case involves a single-asset Debtor who intends to restructure its secured debt. It is not a complex case that involves distinct issues that could be handled by either Porzio or Moritt Hock. See In re Delaney House, LLC 312 B.R. 1, 6 (Bankr. D. Mass. 2004) ("retaining co-counsel for a discrete purpose is far less likely to raise issues fatal to a subsequent fee application that retention based upon an open-ended engagement.").

Although one potential remedy in this situation is to permit the retention of both Porzio and Moritt Hock and then to litigate any issues regarding duplication of services at the time of final fee application, this approach is not appropriate here. See Ferrara & Hantaman v. Alvarez

---

[1] Under E.D.N.Y. Local Bankruptcy Rules, attorneys admitted in the United States District Court for the Eastern District of New York may practice in the United States Bankruptcy Court for the Eastern District of New York. See E.D.N.Y. LBR 2090-(a).

(In re Engel), 124 F.3d 567 (571 (3rd Cir. 1997) (The determination of eligibility for payment of fees is two-step process; the retention application and then the fee application and a bankruptcy court, even though it has approved employment under § 327, must once again review any application for compensation). This is a relatively small case of a debtor with limited resources and it is already apparent that the duplication of services is inevitable. Therefore, the Court should resolve this issue at the retention stage to avoid duplication rather than attempting to remedy it after counsel has provided services.

## IV.  CONCLUSION

Based upon the forgoing, the United States Trustee respectfully requests that the Court sustain her objections, deny the Debtor's application to retain Porzio and the request to retain co-counsel and grant other relief as is just and proper.

Dated: Brooklyn, New York
      January 7, 2010

Respectfully submitted,

DIANA G. ADAMS
UNITED STATES TRUSTEE

By:   */s/ William E. Curtin*
William E. Curtin (WC-1974)
Trial Attorney
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201
718-422-4960