**MORITT HOCK HAMROFF & HOROWITZ LLP**
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000
Leslie A. Berkoff, Esq.
lberkoff@moritthock.com
Lia M. Pistilli, Esq
lpisitilli@moritthock.com

-and-

**PORZIO, BROMBERG & NEWMAN, P.C.**
(Mail to) P.O. Box 1997
Morristown, NJ 07962-1997
(Delivery to)
100 Southgate Parkway
Morristown, NJ 07960
John S. Mairo, Esq.
jsmairo@pbnlaw.com
Robert M. Schechter, Esq.
rmschecter@pbnlaw.com

**Proposed Counsel for the Debtor and Debtor-in-Possession**

**UNITED STATE BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Case No. 09-50723 (ESS) |
| 20 Bayard Views, LLC | : | Hon. Elizabeth S. Stong |
| Debtor. | : | Chapter 11 |

### DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTOR'S APPLICATIONS FOR ORDERS AUTHORIZING THE EMPLOYMENT AND RETENTION OF COUNSEL

20 Bayard Views, LLC, the debtor and debtor-in-possession herein (the "**Debtor**"), hereby submits the following response (the "**Response**") to the United States Trustee's Objection (the "**UST Objection**") to the Debtor's applications for orders authorizing the employment and

retention of Porzio, Bromberg & Newman, P.C. ("**Porzio**") and Moritt Hock Hamroff & Horowitz LLP ("**Moritt**") as its counsel (the "**Applications**"), and respectfully represents as follows:

## PRELIMINARY STATEMENT

Within the past week, the Debtor's primary creditor, W Financial Fund, LP ("**WFF**"), has settled its objection to Porzio's retention on the condition that Porzio agree in writing that the Guarantors[1] retain counsel separate and apart from Porzio. Additionally, at the request of the United States Trustee ("**UST**"), Porzio has filed a Supplemental Affidavit Of Disclosure And Disinterestedness ("**Supplemental Affidavit**")[Dkt. No. 32] which: (i) provides further detail about Porzio's wholly unrelated representations of Guarantors' Moshe Lax and the Estate of Chaim Lax; and (ii) declares that Porzio has not, does not, and will not represent any of the Guarantors in connection with the Guaranty.

Notwithstanding Porzio's more detailed disclosures in the Supplemental Affidavit which further support a conclusion that Porzio does not hold an interest adverse to the estate and is a "disinterested person," the UST filed its objection which asserts that: (1) Porzio holds a disqualifying conflict; (2) the Debtor has not demonstrated good cause for retaining both the Porzio and Moritt firms; and (3) Porzio's retention, if approved, should exclude any reference to Section 328(a) of the Bankruptcy Code. While the Debtor understands and appreciates the UST's contentions, the Debtor has agreed to take steps to remedy certain of those contentions and respectfully disagrees with the UST on some of its points. As for the disqualifying conflict, the UST premises its argument on the statement that "Porzio's loyalties would be divided and it would not be in a position to offer independent legal advice to both the Debtor and the Lax

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Debtor's Verified Response To Debtor's Application For Order Authorizing The Retention Of Porzio, Bromberg & Newman, P.C. As Counsel For The Debtor, dated January 7, 2010 (the "**Verified Response**") [Dkt. No. 33].

Entities." (UST Objection, pp. 1-2). Porzio's loyalties are to the Debtor and because Porzio has not in the past, does not presently, and will not in the future represent Moshe Lax, the Estate of Chaim Lax or Yitzchok Hager in connection with the Guaranty, the "undivided loyalties" concern has been addressed. Indeed, as was agreed with WFF, the Guarantors must retain counsel separate and apart from Porzio with respect to the Guaranty. Moreover, as discussed further below, the "disqualifying conflict" cases relied upon by the UST are distinguishable from the instant case. As for the Debtor's retention of Porzio and Moritt, there is a division of tasks and expertise between Porzio and Moritt providing value and good cause for the retention of each firm. This arrangement is not prohibited by any local rule and is, in fact, common practice in other jurisdictions, such as New Jersey, even without a local rule requiring same. To date, Porzio and Moritt have worked successfully to avoid duplication, and the Court, UST and creditors will have the opportunity to review the firms' fee applications to ensure that the firms have avoided duplication and provided necessary, beneficial services to the estate. As for the UST's point on Section 328(a) of the Bankruptcy Code, the Debtor and Porzio have no objection to removing Section 328(a) references to an order approving Porzio's retention.

## LEGAL ARGUMENT[2]

### CASES RELIED UPON BY UST TO SUPPORT A FINDING THAT PORZIO HOLDS A DISQUALIFYING CONFLICT ARE DISTINGUISHABLE FROM THIS CASE.

1. In support of its argument that Porzio's past and current representation of Moshe Lax and the Estate of Chaim Lax creates an adverse interest, the UST cites four cases: In re Star Broadcasting, 81 B.R. 835 (Bankr. D.N.J. 1988); In re Hoffman, 53 B.R. 564 (Bankr. D. Ark. 1985); Roger J. Au & Son, Inc. v. Aetna Ins. Co., 64 B.R. 600 (N.D. Ohio 1986); and In re Ginco, 105 B.R. 620 (D. Colo. 1988). *See* UST Objection, pp. 5-6. Each of these cases

---

[2] In addition to the arguments set forth herein, the Debtor incorporates its legal arguments set forth in its Verified Response.

presented facts which were very different from the instant case, and thus, none of the cases serve as legitimate precedent for denying Porzio's retention in this case.

2. Star Broadcasting and Hoffman had similar facts. Star Broadcasting involved a law firm that was seeking to simultaneously represent a corporate debtor in its Chapter 11 bankruptcy proceeding and its sole shareholder in a separate Chapter 11 case; the sole shareholder's principal asset was the stock of the corporate debtor and he was the corporate debtor's sole officer and director. 81 B.R. at 840. Additionally, in Star Broadcasting, the majority of creditors in the corporate and individual debtor cases were similar because the shareholder had guaranteed numerous debts of the corporation. Id. at 841. The parties objecting to the firm's retention included two secured creditors of the corporate debtor, who were also creditors of the shareholder due to personal guaranties. Id. at 836-37. In light of these facts, the Star Broadcasting court found the existence of an actual conflict because the firm was essentially representing two groups of creditors and payment for one group was necessarily at the expense of the other. Id. at 841.

3. Similarly, the Hoffman case presented a law firm seeking to simultaneously represent a corporate debtor in its Chapter 11 bankruptcy proceeding and both of its shareholders in their separate bankruptcy cases; one being an individual Chapter 11, the other a Chapter 7. 53 B.R. at 564. The shareholders were listed as creditors of the corporate debtor, however, the claim of one of the shareholders against the corporate debtor was not listed as an asset of the individual, which highlighted the problem of having one law firm represent the corporate entity in its proceeding while also representing the owners in their bankruptcy proceedings. Id. at 564-566. A creditor of the corporate debtor objected contending that one firm cannot represent these debtors because the debtors' interrelationship created an inherent adverse interest which counsel

could not simultaneously represent. Id. at 565. The Hoffman court agreed that there was an actual conflict because the law firm was seeking to represent two groups of creditors and "payment for one group was necessarily at the expense of the other." Id. at 566.[3]

4. Here, unlike the law firms that sought retention in Star Broadcasting and Hoffman, Porzio is not representing any current shareholders of the Debtor in this or other separate bankruptcy proceedings of those members; accordingly, Porzio is not seeking to represent separate creditor bodies with competing interests. Additionally, the managing member of the Debtor (Mr. Hager) has never been represented by Porzio. Nor has Porzio represented any of the Guarantors on issues relating to the Guaranty. Moreover, the only creditor that objected to Porzio's retention, WFF, has agreed to settle its objection on the condition that the Guarantors retain separate, independent counsel for issues relating to the Guaranty. Thus, the conflict present in the Star Broadcasting and Hoffman, *i.e.*, one firm seeking to represent two groups of creditors where payment for one group is at the expense of the other, is not present in this case.

5. The Au & Son case had similar facts to Star Broadcasting and Hoffman, but did not involve separate bankruptcy proceedings of the debtor's officer/shareholder. In Au & Son, a law firm was seeking to be retained by a corporate debtor in Chapter 11 while also representing the debtor's principal officer and sole shareholder. 64 B.R. at 601-603. Importantly, the law firm had performed services relating to the officer/shareholder's potential liability arising from a personal guaranty of various loans obtained by the debtor from a bank. Id. at 605. The bank

---

[3] Despite its findings of a disqualifying conflict, the Hoffman court also stated:

> The court is not deciding that a disqualifying conflict necessarily exists in every case if the same counsel represents the corporate Chapter 11 debtor and its individual equity security holders. In this District this is a common factual situation and it would be unreasonable and unnecessarily cumbersome to always require different counsel … Whether such an actual disqualifying conflict exists must be considered in light of the particular facts of each case.

53 B.R. at 566.

objected to the firm's simultaneous representation of the corporate debtor and the principal officer/sole shareholder/debt-guarantor of the corporation. Here, Moshe Lax and the Estate of Chaim Lax are not officers or shareholders of the Debtor. Further, Porzio has not and will not perform services for them relating to the Guaranty. As noted earlier, the Guarantors, including Moshe Lax and the Estate of Chaim Lax, will be retaining separate, independent counsel with respect to the Guaranty.

6. Finally, the <u>Ginco</u> case is easily distinguished from our case. In <u>Ginco</u>, a Chapter 7 trustee was seeking to retain a law firm as special counsel to pursue a bank for lender liability. 105 B.R. at 621. At the same time, the firm was representing "the principal shareholder, officer, and debt-guarantor of the corporation" in state court litigation against the bank. <u>Id.</u> Additionally, the owner/officer/debt-guarantor was identified as a potential target for corporate mismanagement in the state court litigation. <u>Id.</u> Accordingly, in light of those facts, the <u>Ginco</u> court upheld the bank's objection to the firm's dual representation of the estate and owner/officer/debt-guarantor in litigation with the bank. <u>Id.</u> Turning to our case, Porzio has not and will not represent the Guarantors in connection with the Guaranty. Moreover, Porzio has not and will not represent the current owners of the Debtor or the manager Mr. Hager in this case.

7. While the UST Objection contends that Porzio's retention should be denied due to "divided loyalties," even the UST seems to concede that if the Guarantors retained separate, independent counsel then Porzio's conflict analysis would be different. *See* UST Objection, at p. 6 (concluding the "actual conflict" analysis by noting the presence of the guarantees and stating: "For this reason, it is vital that the Debtor and the Lax Entities have separate counsel.") and p. 8 (concluding the "potential conflict" analysis by noting the presence of the guarantees and stating: "Separate, independent counsel will provide [the] level of confidence [needed for creditors that

any plan of reorganization will be in the best interests of creditors]."). WFF, the Debtor's secured creditor for whose benefit the Guaranty was executed and the only creditor which objected to Porzio's retention, seemed to have reached a similar conclusion when it agreed to settle its objection to Porzio's retention on the condition that the Guarantors retain separate, independent counsel with respect to the Guaranty.

8. In light of the fact that Porzio has not and will not represent the Guarantors with respect to the Guaranty, Porzio does not hold an interest adverse to the estate and is a disinterested person under the Bankruptcy Code. Additionally, the Debtor's retention of Porzio will ensure efficient judicial administration because the estate and all parties in interest would be severely prejudiced by the time and expense necessary to enable other counsel to become familiar with the nuances of the legal and factual matters surrounding the Debtor's Chapter 11 case. The Debtor intends on filing a plan of reorganization shortly and is in discussions with WFF to potentially reach a consensual arrangement on the treatment of WFF's secured claim.

WHEREFORE, the Debtor respectfully requests entry of the order granting the relief requested in the Applications and such other and further relief as is just.

Dated: New York, New York
January 11, 2010

**MORITT HOCK HAMROFF & HOROWITZ LLP**
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000
Leslie A. Berkoff, Esq.
lberkoff@moritthock.com

-and-

**PORZIO, BROMBERG & NEWMAN, P.C.**

 /s/ John S. Mairo
John S. Mairo (JM 0670)

(Mail to) P.O. Box 1997, Morristown, NJ 07962-1997
(Delivery to) 100 Southgate Pkwy, Morristown, NJ 07960
Telephone (973) 538-4006
jsmairo@pbnlaw.com

Proposed Counsel for the Debtor and Debtor-In-Possession