**PORZIO, BROMBERG & NEWMAN, P.C.**
(Mail to) P.O. Box 1997
Morristown, NJ 07962-1997
(Delivery to)
100 Southgate Parkway
Morristown, NJ 07960
John S. Mairo, Esq.
jsmairo@pbnlaw.com
Robert M. Schechter, Esq.
rmschechter@pbnlaw.com

**Attorneys for the Debtor and Debtor-in-Possession**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

| | |
|---|---|
| **20 BAYARD VIEWS, LLC,** | **Chapter 11** |
| | **Case No. 09-50723** |
| **Debtor.** | |

-----------------------------------------------------------X

**AFFIDAVIT OF PAUL M. FRIED IN SUPPORT OF 20 BAYARD VIEWS, LLC'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF TRAXI LLC**

STATE OF NEW YORK    )
                                          )
COUNTY OF NEW YORK  )

Paul M. Fried, under penalty of perjury, hereby declares as follows:

1. I am the Managing Director of Traxi LLC ("**Traxi**"), with offices located at 120 W. 45th Street, 6th Fl, New York, NY 10036. I submit this affidavit (the "**Affidavit**") in support of the application to retain my firm as an expert to address secured creditors interest rate under a plan or reorganization to be filed by 20 Bayard Views, LLC (the "**Debtor**").

2. Traxi has extensive experience in providing interest rate assessments, among other bankruptcy related services. Traxi's qualifications include, specifically, analyzing

applicable current market interest rates, national prime rate plus a risk adjustment, and the relevant risks and mitigants of risk impacting interest rates.

3. Traxi's compensation shall be at Traxi's standard hourly rates detail on Exhibit A annexed hereto. To that end, Traxi will maintain general contemporaneous time records describing its services, which will not be broken down by categories, that will be submitted with Traxi's fee applications.

4. In the event that the Debtor is unable to pay Traxi amounts owed to it for Traxi's services to the Debtor, one of the equity holders in the Debtor, Isaac Hager ("Hager"), has agreed to pay Traxi. Traxi acknowledges that its duty and obligations are owed solely to the Debtor notwithstanding its receipt of any payment from Hager.

5. Traxi and its employees are not employed or connected with the Debtor or its creditors, have no interest adverse to the estate, and are disinterested persons pursuant to Sections 101(14) and 327 of the Bankruptcy Code. I know of no reason why the firm of Traxi and its employees could not be employed as real estate appraiser in this matter.

6. Traxi has not received any promises as to payment or compensation in connection with this Chapter 11 case other than in accordance with the provisions of the Bankruptcy Code and as disclosed herein. Traxi has no agreement with any other entity to share compensation received by Traxi.

7. Accordingly, I represent that I am, and each employee of Traxi is a "disinterested person" as that term is defined in 11 U.S.C. § 101 (14).

8. I fully understand that all compensation to Traxi must be fixed by further order of this Court upon the submission of an affidavit of services rendered pursuant to the provisions of the Bankruptcy Code.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

DATED: March 2, 2010      Traxi LLC

By:    /s/ Paul M. Fried
       Paul M. Fried

Sworn to before me this 2nd
day of March, 2010

/s/ Anthony J. Pacchia
Attorney at Law
State of New Jersey